DAVID E. MASTAGNI, ESQ. (SBN 204244)
ISAAC S. STEVENS, ESQ. (SBN 251245)
ACE T. TATE, ESQ. (SBN 262015)
**MASTAGNI HOLSTEDT**
A Professional Corporation
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
davidm@mastagni.com
istevens@mastagni.com
atate@mastagni.com

Attorneys for Plaintiffs

MORIN I. JACOB, ESQ. (SBN 204598)
LISA S. CHARBONNEAU, ESQ. (SBN 245906)
**LIEBERT CASSIDY WHITMORE**
135 Main Street, 7th Floor
San Francisco, California 94105
Phone: 415.512.3000
Facsimile: 415.856.0306
mjacob@lcwlegal.com
lcharbonneau@lcwlegal.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA HOFFMAN, et al., on behalf of herself and all similarly situated individuals,<br><br>           Plaintiffs,<br><br>v.<br><br>COUNTY OF BUTTE,<br><br>           Defendant. | Case No. 2:16-cv-01487-MCE-AC<br><br>**[COLLECTIVE ACTION]**<br><br>**JOINT STATUS REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 240, and the Court's June 30, 2016 Initial Pretrial Scheduling Order (Dkt. No. 3), Plaintiff DEBRA HOFFMAN, et al., on behalf of herself and all similarly situated individuals, ("Plaintiffs"), and Defendant COUNTY OF BUTTE ("Defendant"), hereby submit the following Joint Status Report.

1. **Brief Summary of the Claims:**

**Plaintiffs' Statement**: This is a Fair Labor Standards Act (FLSA) (29 U.S.C. §201, *et seq*.) case alleging the underpayment of overtime and compensatory time off ("CTO") caused by the unlawful exclusion of certain incentives in the calculation of Plaintiffs' pay. Plaintiff, on behalf of herself and all similarly situated individuals, alleges Defendant violated the FLSA by excluding cash paid to Plaintiffs for forgoing medical benefits from the "regular rate" of pay used to calculate their overtime compensation and cash out of CTO. Plaintiffs bring this case as a "collective action" asserting claims on behalf of themselves and all "similarly situated" individuals pursuant to 29 U.S.C. section 216(b).

**Defendant's Statement**: Defendant denies Plaintiff's allegations and all liability.

2. **Status of Service:**

Defendant was personally served on August 12, 2016. Defendant has timely filed an answer.

3. **Possible Joinder of Additional Parties:**

**Plaintiffs' Statement**: This action is pled as an FLSA collective action. Accordingly, individuals similarly situated to the Plaintiffs may file consents to join the case as additional plaintiffs. To date, approximately 87 Plaintiffs have filed consents to join this action. Plaintiffs' counsel expects additional consents to join will be filed. As discussed below, Plaintiffs plan to move this Court to conditionally certify this case as a collective action and authorize the issuance of facilitated notice to all similarly situated individuals who worked overtime and received cash back in lieu of healthcare benefits in the same pay period at any time during the three years before this case was filed.

**Defendant's Statement:** Defendant is investigating Plaintiff's claims and reserves its right to oppose conditional certification of the purported collective action on any and all grounds.

**4.      Contemplated Amendments to the Pleadings:**

Plaintiff does not anticipate amending its complaint at this time.

**5.      Statutory Basis for Jurisdiction and Venue:**

**Plaintiff's Statement:** Jurisdiction of this collective action is proper pursuant to 28 U.S.C. section 1331, and section 216(b) of the Fair Labor Standards Act, 29 U.S.C. section 216(b). Venue is proper pursuant to 28 U.S.C. section 1391, because a substantial part of the acts and omissions alleged in the complaint occurred in the Eastern District of California, and Defendant is located in the district.

**Defendant's Statement:** Notwithstanding Defendant's Answer, Defendant reserves its right to move for dismissal of this matter on any and all grounds.

**6.      Anticipated Discovery and the Scheduling of Discovery:**

The parties do not propose any additional changes to the initial disclosure requirements. The parties agree to make initial disclosures within thirty (30) calendar days after the date scheduled for the Rule 26(f) Case Management Conference.

   **a.   Subjects and sources of discovery:**

**Plaintiffs' Statement**: The bulk of discovery in this case will concern payroll records, time records, and Defendant's calculation of overtime and CTO cash out compensation. The scope of discovery will also encompass, among other things, Defendant's efforts – if any – to ascertain whether its pay practices with respect to calculating overtime and CTO cash out compensation complied with the FLSA, as well as the reasonableness of the Defendant's decisions regarding overtime pay calculations.  Plaintiff anticipates serving written discovery in the form of interrogatories, document requests, and requests for admission.  Plaintiff anticipates deposing Defendant's persons most knowledgeable (PMKs) about Defendant's pay practices, time recording and payroll practices and systems, information technology, medical benefits, cash back in lieu of medical benefit payments.

**Defendant's Statement**: No discovery on the merits of plaintiff's allegations is warranted unless and until an order on conditional certification is issued.  If such an order is issued, Defendant anticipates that discovery will encompass all facts and information to support its affirmative


defenses.

### b. Discovery Schedule

**Plaintiff's Statement**: The breadth of discovery necessary in this case will depend largely on the disposition of Plaintiffs' anticipated conditional certification and facilitated notice motion (or stipulation to thereof by the parties), because the number of potential plaintiffs joining the case may increase substantially after they receive notice of this case. Plaintiffs propose the Court defer setting additional deadlines—including for expert disclosures, the close of discovery, and motions practice—until after it resolves Plaintiff's conditional certification motion. If the Court is not inclined to defer setting further deadlines, Plaintiffs propose the following:

| | |
|---|---|
| Initial expert disclosures: | November 1, 2017 |
| Rebuttal expert disclosures: | December 1, 2017 |
| Discovery-related motions: | Must be filed by February 1, 2018 |
| Discovery cutoff: | March 17, 2018 |
| Non-discovery motion cutoff: | April 12, 2018 |
| Final pretrial conference: | June 2, 2018 |
| Trial: | 90 days after the final pretrial conference (approximately 10 trial days in length) |

**Defendant's Statement:** It is premature to set any discovery deadlines unless and until all issues related to conditional certification have been decided.

### c. Changes to Limitation on Discovery:
No deviations from the limitations on discovery set forth in the Local Rules or Federal Rules of Civil Procedure are anticipated at this time, although additional depositions may be necessary depending on the outcome of Plaintiffs' certification motions.

**7. Related Cases:**

This case is not related to any other case on file in this District, including the Bankruptcy Courts of this District.

**8. Other Matters to be Addressed at Case Management Conference:**

a. **Anticipated Motions:**

1  **Plaintiff's Statement:** Plaintiffs anticipate moving for an order conditionally certifying this case
2  as a collective action and facilitating a proposed notice procedure pursuant to 29 U.S.C. section
3  216(b) in the event that the parties are unable to agree to a stipulation of same.  Plaintiffs will
4  seek to notify potential opt-in plaintiffs in accordance with *Hoffman-La Roche, Inc. v. Sperling,*
5  493 U.S. 165 (1989). Additionally, Plaintiffs plan to move for summary judgment/adjudication
6  on various legal issues before trial.
7  **Defendant's Statement:** Defendant anticipates opposing Plaintiff's motion for conditional
8  certification and moving for summary judgment or adjudication, and/or decertification.  Pursuant
9  to Local Rule 240(a)(13), and subject to the status of the parties' settlement negotiations and
10 possible stipulations as to law and fact, Defendant reserves the right to assert that a separate trial
11 on any or all of Defendant's affirmative defenses is appropriate.
12       b.  **Prospect for Settlement**:
13 **Plaintiff's Statement:** Plaintiffs are open to settling this case. Plaintiffs decline to stipulate to
14 the trial judge acting as settlement judge at this time.  Plaintiff believes alternative dispute
15 resolution services outside the Voluntary Dispute Resolution Program sponsored by the Court
16 may be appropriate to facilitate future settlement discussions.
17 **Defendant's Statement:** Defendant is actively engaged in efforts to begin settlement
18 negotiations with Plaintiff.  It is premature to stipulate to a trial judge acting as a settlement
19 judge; due to the complexity of issues, Defendant believes private mediation is in the best
20 interests of the parties.
21
22
23 Respectfully submitted,
24 Dated: October 25, 2016        **MASTAGNI HOLSTEDT, APC**
25
26        By: */s/ Ace T. Tate*
          DAVID E. MASTAGNI, ESQ.
27        ISAAC S. STEVENS, ESQ.
          ACE T. TATE, ESQ.
28        Attorneys for Plaintiffs

Dated: October 25, 2016  **LIEBERT CASSIDY WHITMORE**

By: */s/ Lisa S. Charbonneau*
MORIN I. JACOB, ESQ.
LISA S. CHARBONNEAU, ESQ.
Attorneys for Defendant